# IN THE SUPREME COURT OF THE STATE OF DELAWARE

ICATECH CORPORATION and
EMPRESAS ICA, S.A.B. DE. C.V.,

    Defendants and Counterclaim
    Plaintiffs Below,
    Appellants,

    v.

PAUL V. FACCHINA, SR., individually
and as Sellers' Representative,

    Plaintiff and Counterclaim
    Defendant Below,
    Appellee.

§
§
§
§
§
§
§
§
§
§
§
§
§
§
§
§
§

No. 121, 2021

Court Below – Superior Court
of the State of Delaware

C.A. No. N17C-09-163

Submitted: October 27, 2021
Decided: December 9, 2021

Before **SEITZ**, Chief Justice; **TRAYNOR** and **MONTGOMERY-REEVES**, Justices.

## ORDER

After careful consideration of the parties' briefs and the record on appeal, and after oral argument, it appears to the Court that:

(1) On June 28, 2013, Appellant ICATech Corporation ("ICATech"), bought Facchina Companies, a portfolio of construction companies, from Appellee

1

Paul V. Facchina, Sr., with Appellant Empresas ICA acting as a guarantor.[1] The transaction closed on April 14, 2014.[2]

(2)     The sale was executed through a purchase and sale agreement (the "SPA") in which Facchina made a number of representations.[3] In particular, and at issue in this case, Facchina represented that Facchina Companies had not "taken any action or entered into or authorized any Contract or transaction other than in the ordinary course of business and consistent with past practice that has not already been disclosed hereunder" since December 31, 2012.[4]

(3)     On January 24, 2013, Facchina Construction of Florida ("FCF"), one of the Facchina Companies, entered into a contract to construct the Grove at Grand Bay (the "Grove"), a high-rise condominium in Florida.[5] An amendment to this contract was signed on May 30, 2013.[6]

(4)     FCF had an operational policy of assigning the concrete work for its construction projects to only one subcontractor.[7] To do otherwise is referred to in the construction industry as "breaking up" that portion of the work. For the Grove project, an FCF employee broke up the concrete work between three separate

---

[1] Opening Br. 1.
[2] *Id.*
[3] App. to Opening Br. A0624-55 (hereafter "A_").
[4] A0630.
[5] A0431-62; Opening Br. 2.
[6] A1186-87.
[7] *Facchina Constr. Litigs.*, 2020 WL 6363678, at *8 (Del. Super. Ct. Oct. 29, 2020).

subcontractors, in spite of the operational policy and Facchina's express instruction to the employee not to break up the concrete portion of the project.[8] The Grove project experienced numerous scheduling delays and performance difficulties in relation to the concrete work.[9]

(5) In June 2018, the Appellants brought a fraud claim against Facchina.[10] The Appellants allege that Facchina committed fraud by representing that the Facchina Companies had been operating in the ordinary course of business despite knowing FCF had broken up the concrete work for the Grove project in violation of its operational policy.[11] In other words, the Appellants allege that Facchina knew FCF was operating outside the ordinary course of business, but Facchina knowingly represented otherwise in the SPA in order to fraudulently induce them into buying Facchina Companies.[12]

(6) In order to prove common law fraud, a plaintiff must show: (a) a false representation of a material fact, (b) knowledge that the representation was false or made with reckless indifference to its truth, (c) intent for the plaintiff to rely on the

---

[8] *Id.*; Answering Br. 10.
[9] A1528 at 58:14-21.
[10] Answering Br. 7.
[11] Opening Br. 25-40.
[12] *Id.*

3

fraudulent misrepresentation, (d) justifiable reliance on the fraudulent misrepresentation, and (e) damages as a result of the fraudulent misrepresentation.[13]

(7)     After reviewing the record, we conclude that the Appellants did not prove fraud.  We reach this ruling based solely on the Appellants' inability to prove the second element of the fraud claim—that Facchina knew the representation was false or made with reckless indifference to its truth.

(8)     The Superior Court weighed the evidence, assessed the credibility of the witnesses, and concluded that, even if the representation was false, Facchina did not know the FCF employee had broken up the concrete work for the Grove project until after the closing of the sale of Facchina Companies to the Appellants.[14]  This finding was based on evidence in the record.[15]  Appellants, however, point to other evidence in the record, arguing that it shows that Facchina knew the concrete work for the Grove project had been broken up before closing.[16]  In particular, Appellants claim that Facchina reviewed three documents connected with the Grove project that show the project's concrete work had been broken up.[17]  They believe that "Facchina could not possibly have reviewed these three documents without recognizing that

---

[13] *See Harman v. Masoneilan Int'l., Inc.*, 442 A.2d 487, 499 (Del. 1982); Restatement (Second) of Torts § 525 (Am. L. Inst. 1977).

[14] *Facchina Constr. Litigs.*, 2020 WL 6363678, at *15.

[15] *Id.*

[16] Opening Br. 31.

[17] *Id.*

4

the concrete work had been broken-up."[18]  Nothing in the record confirms Appellants' assumption.[19]  But even if the evidence identified by the Appellants could suggest that Facchina knew FCF's concrete work had been broken up, "'[w]here there are two permissible views of the evidence, the factfinder's choice between them cannot be clearly erroneous.'"[20]  Thus, the Superior Court did not err in determining that Appellants failed to show that Facchina knew the representation was false or made with reckless indifference to its truth.

(9)  Because showing each element of fraud is necessary to a successful claim, the Appellants' inability to satisfy this element is dispositive.  Accordingly, the Court affirms the Superior Court's holding that the Appellants failed to prove fraud on this limited basis. We do not address the Appellants' remaining arguments.

NOW, THEREFORE, IT IS ORDERED that the judgment of the Superior Court is AFFIRMED.

BY THE COURT:

*/s/ Tamika R. Montgomery-Reeves*
Justice

---

[18] *Id.*

[19] Oral Argument at 9:28-13:08 (Oct. 27, 2021), https://livestream.com/accounts/5969852/events/9878242/videos/226912168/player.

[20] *RBC Cap. Mkts., LLC v. Jervis*, 129 A.3d 816, 849 (Del. 2015) (quoting *Bank of N.Y. Mellon Tr. Co., N.A. v. Liberty Media Corp.*, 29 A.3d 225, 236 (Del. 2011)).

5